UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEYBANK NATIONAL ASSOCIATION,

                       Plaintiff,                 No. 1:16-cv-01383 (BKS/DJS)

v.

JOSEPH G. WARD aka JOSEPH WARD; DONALD J.
WARD, Jr. aka DONALD J. WARD; SHERRIE WARD;
KATHLEEN WARD; "JOHN DOE" and "JANE DOE,"
*the last two names being fictitious, it being the intention of
Plaintiff to designate any and all occupants of the premises
being foreclosed herein*,

                       Defendants.
_____

**APPEARANCES:**

*For Plaintiff:*
William B. Schiller
Gary A. Lefkowitz
Schiller, Knapp, Lefkowitz & Hertzel, LLP
950 New Loudon Road, Suite 109
Latham, NY 12110

*For Defendants Joseph G. Ward and Donald J. Ward, Jr.:*
Ralph J. Elefante
Elefante & Persanis, LLP
141 Hillside Place
Eastchester, NY 10709

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff KeyBank National Association ("KeyBank") brought this action under Article

13 of New York Real Property Actions and Proceedings Law, ("RPAPL"), N.Y. Real Prop. Acts.

Law §§ 1301–1391, seeking to foreclose a mortgage encumbering 231 and 245 State Route 71 in

Hillsdale, New York, and a second mortgage encumbering 110 Green River Road in Great Barrington, Massachusetts. (Dkt. No. 4). Plaintiff seeks, *inter alia*, a judgment of foreclosure and sale, as well as appointment of a referee to effectuate the sale. (*Id.* at 7–9). Currently before the court is Plaintiff's motion for default judgment against Defendants Sherrie Ward and Kathleen Ward and for summary judgment against Defendants Joseph Ward and Donald Ward under Rules 55 and 56 of the Federal Rules of Civil Procedure, respectively. (Dkt. No. 23). For the reasons set forth below, Plaintiff's motion is denied and the Amended Complaint is dismissed for lack of subject-matter jurisdiction.

## II. BACKGROUND

On December 18, 1991, Defendants Joseph Ward and Donald Ward "executed a note in the amount of $800,000 in favor" of KeyBank's predecessor in interest, secured by mortgages on property located in New York and Massachusetts.[1] (Dkt. No. 23-4, ¶ 1, 3–4). Because the property was "located in two states," Defendants Joseph Ward and Donald Ward executed one mortgage on the New York property and another on the Massachusetts property, each recorded in Columbia County, New York, and Southern Berkshire County, Massachusetts, respectively. (*Id.* ¶ 3–4). Defendants Joseph Ward and Donald Ward "defaulted on the monthly payment due on the Mortgage[s] August 1, 2015, and every month thereafter." (*Id.* ¶ 5).

KeyBank initiated this foreclosure action on November 18, 2016, (Dkt. No. 1), filed an Amended Complaint on December 20, 2016, (Dkt. No. 4), and filed a notice of pendency in the Columbia County Clerk's office on December 29, 2016,[2] (Dkt. No. 23-2, at 64). All of the Defendants were served with the Summons and Amended Complaint between January 12 and

---

[1] KeyBank's statement of material facts indicates that it came into possession of the note and mortgages after the Hudson City Savings Institution was "acquired through merger by First Niagara Bank, N.A., [which] was then subsequently acquired through merger" with KeyBank. (Dkt. No. 23-4, ¶ 2).

[2] KeyBank does not indicate what steps, if any, it undertook under Massachusetts law with regard to the Massachusetts property. *See generally*, Mass. Gen. Laws Ann. ch. 244, §§ 1–40.

2

January 27, 2017. (Dkt. Nos. 6–13). Defendants Sherri and Kathleen Ward have not answered or otherwise appeared in this action, and the Clerk issued an entry of default against them on March 9, 2017. (Dkt. No. 15). Defendants Joseph and Donald Ward filed an answer on March 29, 2017. (Dkt. No. 18).

On March 31, 2018, Plaintiff moved for summary judgment against Defendants Joseph and Donald Ward, and for default judgment against Defendants Sherri and Kathleen Ward.[3] (Dkt. No. 23). None of the Defendants have responded to Plaintiff's motion.

## III. APPLICABLE STANDARDS

The Supreme Court has "noted the existence of an 'inflexible' rule that 'without exception' requires federal courts, on their own motion, to determine if jurisdiction is lacking." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (quoting *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action." *Id.* "A lack of subject matter jurisdiction cannot be waived, and may be raised by motion or *sua sponte* at any time." *U.S. Bank Tr., N.A. v. Monroe*, No. 15-cv-1480, 2017 WL 923326, at *2, 2017 U.S. Dist. LEXIS 32874, at *3 (N.D.N.Y. Mar. 8, 2017) (citing *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997)); *see also* Fed. R. Civ. P. 12(h)(3). A plaintiff carries "the ultimate burden of proving the Court's jurisdiction by a preponderance of the evidence." *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 449 (S.D.N.Y. 2001). Accordingly, "[w]hether raised by motion, *sua sponte* or otherwise," a court's analysis is not limited to facts contained within the complaint; it may in addition rely upon "materials outside

---

[3] The attorney affirmation attached to the instant motion "request[s] that the names of defendants 'JOHN DOE' and 'JANE DOE' be removed from the caption" because there are no previously unknown "additional occupants or tenants found at the mortgaged premises." (Dkt. No. 23-2, ¶ 13).

3

the pleadings, such as affidavits, documents and testimony in determining its subject matter jurisdiction." *U.S. Bank Tr., N.A. v. Gebman*, No. 16-cv-7033, 2018 WL 3745672, at *2, 2018 U.S. Dist. LEXIS 132828, at *3–4 (S.D.N.Y. Aug. 7, 2018).

## IV. DISCUSSION

In the Amended Complaint, Plaintiff asserts that, because "the parties are citizens of different states," the Court has subject-matter jurisdiction over this case based on diversity of citizenship. (Dkt. No. 1, ¶ 8 (citing 28 U.S.C. § 1332)). To establish diversity jurisdiction, however, a plaintiff must allege facts demonstrating "'complete' diversity among the parties, meaning that each defendant must be a citizen of a different state from each plaintiff." *U.S. Bank Tr., N.A. v. Dupre*, No. 15-cv-0558, 2016 WL 5107123, at *2, 2016 U.S. Dist. LEXIS 127848, at *7 (N.D.N.Y. Sept. 20, 2016). Here, as explained below, the Amended Complaint must be dismissed because Plaintiff has failed to allege facts demonstrating the citizenship of any of the parties.

### A. Plaintiff's Citizenship

Because KeyBank is a national banking association, its citizenship is determined by reference to 28 U.S.C. § 1348, which states that "all national banking associations shall, for the purposes of all . . . actions by or against them, be deemed citizens of the states in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has held that, "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Its citizenship, therefore, is "limited only to that state." *Gebman*, 2018 WL 3745672, at *2, 2018 U.S. Dist. LEXIS 132828, at *3–4 (citing *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016)).

Here, the Amended Complaint asserts only that KeyBank is a "Nationally Chartered Bank with its principal place of business in Cleveland, Ohio." (Dkt. No. 1, ¶ 3). This, however, "confuses the test for determining the citizenship of national banking associations with that of corporations." *Dupre*, 2016 WL 5107123, at *2, 2016 U.S. Dist. LEXIS 127848, at *7. The Second Circuit "has expressly held that the principal place of business is not to be considered when determining the citizenship of a national banking association." *Monroe*, 2017 WL 923326, at *4, 2017 U.S. Dist. LEXIS 32874, at *8 (citing *Melina*, 827 F.3d at 218–21). "Although Plaintiff may have meant that its main office is located" in Ohio, "that is not what Plaintiff pleaded." *Gebman*, 2018 WL 3745672, at *2, 2018 U.S. Dist. LEXIS 132828, at *3–4. Furthermore, none of the sworn or documentary evidence attached to the Amended Complaint or Plaintiff's subsequent submissions indicates the location of KeyBank's main office. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (explaining that "diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record" (internal quotation marks omitted)). Accordingly, because Plaintiff has failed to plead its own citizenship, the Court cannot determine whether complete diversity exists.[4]

---

[4] Even if Plaintiff had properly alleged subject-matter jurisdiction, Plaintiff fails to address how or why this Court might have the authority, in an in rem proceeding, to issue an order directly affecting title to property outside of this judicial district. *See, e.g.*, *Fall v. Eastin*, 215 U.S. 1, 9 (1909) ("[A] court of equity, acting upon the person of the defendant, may decree a conveyance of land situated in another jurisdiction, and even in a foreign country, and enforce the execution of the decree by process against the defendant; but, it was said: 'Neither its decree nor any conveyance under it, except by the party to whom the title is vested, is of any efficacy beyond the jurisdiction of the court.'"); *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999) ("A foreclosure action is an in rem proceeding."); *United States v. Cox*, No. 15-cv-193, 2017 WL 3927668, at *3 n.1, 2017 U.S. Dist. LEXIS 144505, at *7 n.1 (E.D.N.C. Sept. 7, 2017) ("This Court is unaware of and has been presented with no case in which a federal district court has authorized the foreclosure sale of property located outside of the judicial district in which the federal district court sits."), *aff'd*, No. 17-2195, 2018 WL 3492759, 2018 U.S. App. LEXIS 20231 (4th Cir. July 20, 2018); *SEC v. Alanar, Inc.*, No. 05-cv-1102, 2011 WL 1261172, at *2, 2011 U.S. Dist. LEXIS 35224, at *7–8 (S.D. Ind. Mar. 31, 2011) ("It is well established that an action to foreclose a mortgage is a local action that must be filed where the real estate is located.").

### B. Defendants' Citizenship

Even assuming *arguendo* that KeyBank is a citizen of Ohio, diversity would remain indeterminable because Plaintiff has also failed to plead the citizenship of Defendants. "For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998); *see also Universal Reins. Co. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) ("[E]stablishing one's domicile in a state generally requires both physical presence there and intent to stay."). Here, Plaintiff makes no allegation at all concerning the citizenship of Defendants Sherrie Ward and Kathleen Ward. (Dkt. No. 4, ¶ 6 (alleging only that Sherri Ward and Kathleen Ward "are the current tenants/occupants" of the property at issue)). Without more, the Court cannot determine whether diversity of citizenship exists.[5]

Therefore, because Plaintiff has neither established its own citizenship nor the citizenship of Defendants, it has failed to plead complete diversity, and by extension, subject-matter jurisdiction. "And when a complaint fails to plead subject matter jurisdiction, the Court is obligated to dismiss it *sua sponte*." *Receivables Exch., LLC v. Hotton*, No. 11-cv-292, 2011 WL 239865, at *1, 2011 U.S. Dist. LEXIS 6399, at *1–2 (E.D.N.Y. Jan. 21, 2011) (citing Fed. R. Civ. P. 12(h)(3)). Because the Amended Complaint must be dismissed, the Court does not consider Plaintiff's motion seeking default judgment and summary judgment seeking a judgment of foreclosure and sale.[6] If Plaintiff wishes to further pursue its claims in federal court, it must

---

[5] Plaintiff has also failed to allege the citizenship of Defendants Joseph Ward and John Ward, but asserts that each maintains "a principal residence" in New York. The Court notes that, for the purposes of determining diversity, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also Maitland v. Fishbein*, 712 F. App'x 90, 92 (2d Cir. 2018) (finding that the complaint was "insufficient to show that [plaintiffs] were domiciled in, and thus citizens of . . . Florida," where the "complaint alleged only that [plaintiffs] resided in New York").

[6] If the Court grants a motion to amend and Plaintiff again moves for summary judgment, the documentation provided in support of such a motion must demonstrate Plaintiff's "strict compliance with the statutory procedural requirements" of the notice of pendency. *Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 354 (E.D.N.Y. 1997)

6

move to file a Second Amended Complaint within fourteen days of the date of this order. Any future complaint must address the pleading deficiencies described above, and any subsequent motions must address the substantive shortcomings noted in the Court's opinion.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 4) is **DISMISSED for lack of subject-matter jurisdiction**; and it is further

**ORDERED** that Plaintiff's motion for default judgment and summary judgment seeking a judgment of foreclosure and sale (Dkt. No. 23) is **DENIED as moot**; and it is further

**ORDERED** that Plaintiff may move to amend the Amended Complaint **within fourteen (14) days of the date of this Order**, and if Plaintiff fails to so move, the Clerk of Court shall close the case without further order of the Court.

**IT IS SO ORDERED.**

Dated: August 24, 2018
  Syracuse, New York

*Brenda K. Sannes* (signature)
Brenda K. Sannes
U.S. District Judge

---

(quoting *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 320–21 (1984)). Specifically, Plaintiff must demonstrate that it has filed the operative complaint together with the notice of pendency in the Columbia County Clerk's office, as required by CPLR 6511(a). *See Ditech Fin. LLC v. Sterly*, No. 15-cv-1455, 2016 WL 7429439, at *4, 2016 U.S. Dist. LEXIS 177934, at *8–11 (N.D.N.Y. Dec. 23, 2016*); Nationstar Mortg. LLC v. Moody*, No. 16-cv-279, 2017 WL 1373890, at *1, 2017 U.S. Dist. LEXIS 56553, at *2–3 (N.D.N.Y. Apr. 13, 2017); *Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D.3d 492, 493 (3rd Dep't 2005) ("[W]here, as here, no complaint was filed with the notice of pendency, it follows that the notice was defective and void from the beginning . . . .").