# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

KEYBANK NATIONAL ASSOCIATION,

         Plaintiff,    No. 1:16-cv-01383 (BKS/DJS)

v.

JOSEPH G. WARD aka JOSEPH WARD; DONALD J. WARD, Jr. aka DONALD J. WARD; SHERRIE WARD; KATHLEEN WARD; "JOHN DOE" and "JANE DOE," *the last two names being fictitious, it being the intention of Plaintiff to designate any and all occupants of the premises being foreclosed herein*,

         Defendants.

**APPEARANCES:**

*For Plaintiff:*
William B. Schiller
Gary A. Lefkowitz
Schiller, Knapp, Lefkowitz & Hertzel, LLP
950 New Loudon Road, Suite 109
Latham, NY 12110

*For Defendants Joseph G. Ward and Donald J. Ward, Jr.:*
Ralph J. Elefante
Elefante & Persanis, LLP
141 Hillside Place
Eastchester, NY 10709

**Hon. Brenda K. Sannes, United States District Judge:**

## ORDER

Plaintiff KeyBank National Association ("KeyBank") brought this action under Article 13 of New York Real Property Actions and Proceedings Law, ("RPAPL"), N.Y. Real Prop. Acts. Law §§ 1301–1391, seeking to foreclose a mortgage encumbering 231 and 245 State Route 71 in Hillsdale, New York. (Dkt. No. 28). Plaintiff moves for voluntary dismissal of this action under

Federal Rule of Civil Procedure 41(a)(2) and cancellation of the Notices of Pendency filed in the Office of the Clerk of the County of Columbia. (Dkt. Nos. 31, 31-2). Plaintiff's attorney previously indicated that he was in the process of "compiling the . . . appropriate Stipulation of Discontinuance," (Dkt. No. 30, at 1), but none has been filed. As Defendants Donald Ward, Jr. and Joseph Ward have filed an answer in this case, (Dkt. No. 19), voluntary dismissal must be "by court order." Fed. R. Civ P. 41(a)(2). Plaintiff's motion is granted.

Rule 41(a) of the Federal Rules of Civil Procedure provides that after an answer or motion for summary judgment has been filed, an action shall not be dismissed at the plaintiff's request except where all parties agree to a stipulation of dismissal, or upon order of the court. Fed. R. Civ. P. 41(a)(1)(A); 41(a)(2). Rule 41(a)(1)(B) further provides that unless the stipulation or order states otherwise, the dismissal is without prejudice. The decision whether to grant a Rule 41(a) motion for voluntary dismissal lies within the sound discretion of the court. *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001). Courts have held that voluntary dismissal is improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). In addition, the Second Circuit has instructed that:

> Factors relevant to the consideration of a motion to dismiss without prejudice include [1] the plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.

*Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011). In addition, in general, courts "presume that a party's motion to dismiss its own claims without prejudice should be granted."

*Parker v. Tougher Industries, Inc.*, No. 06 Civ. 400, 2013 WL 316389, at *1, 2013 U.S. Dist. LEXIS 10680, at *5 (N.D.N.Y. Jan. 28, 2013) (citation omitted).

"Plain legal prejudice" concerns "the plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed." *Camilli*, 436 F.3d at 124 (emphasis in original). When, for example, "the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action." *Id.* There is no indication Defendants, who have done no more than file an answer in this a case and appear via their attorney for a pretrial conference, (Dkt. No. 19; Text Minute Entry, July 13, 2017), would suffer plain legal prejudice as a result of dismissal.

The *Zagano* factors also support dismissal. On February 12, 2019, Defendants Joseph Ward and Donald Ward, Jr. "paid the loan subject to this foreclosure action in full." (Dkt. No. 31-1, ¶ 4). As a result of this payment, "plaintiff does not wish to proceed with the foreclosure action." (*Id.*). On February 25, 2012, Plaintiff advised the Court of this development, (Dkt. No. 30), and on March 25, 2019, filed a motion for voluntary dismissal. Thus, the first and second factors—Plaintiff's diligence in seeking dismissal and the absence of any suggestion that Plaintiff acted with "undue vexatiousness"— weigh in favor of dismissal. The third and fourth factors, the progression of this suit and expense of relitigation, also weigh in favor of dismissal. Although discovery is complete (Dkt. No. 21), and Defendants filed a motion for summary judgment, (Dkt. No. 23), there has been no decision on the merits, and given Defendants' minimal opposition in this case, there is no basis on which to find Defendants' effort and expense would justify denial of the motion. The expense of relitigation is a concern, but relitigation is unlikely in this case because the subject loan has been satisfied. (Dkt. No. 31-1, ¶

3

4). Finally, Plaintiff's explanation for the need to dismiss—Defendants' payment in full of the loan that is the subject of this action—also weighs in favor of dismissal. Having considered the relevant factors, the Court concludes that dismissal is warranted in this case. Accordingly, it is

**ORDERED** that the Amended Complaint (Dkt. No. 28) is dismissed without prejudice; and it is further

**ORDERED** that the Notice of Pendency filed on December 2, 2016, in the Office of the Clerk of the County of Columbia, under Index Number 10915-16, be cancelled pursuant to CPLR 6514(a);[1] and it is further

**ORDERED** that the Notice of Pendency filed on December 29, 2016, in the Office of the Clerk of the County of Columbia, under Index Number 10915-16, be cancelled pursuant to CPLR 6514(a); and it is further

**ORDERED** that the Referee, in any, is hereby discharged; and it is further

**ORDERED** that the Clerk is directed to close this case.

Dated: May 2, 2019

Brenda K. Sannes
U.S. District Judge

---

[1] Section 6514(a) provides that: "The court, upon motion of any person aggrieved and upon such notice as it may require, shall direct any county clerk to cancel a notice of pendency . . . if the action has been settled, discontinued or abated." N.Y. C.P.L.R. 6514(a).

4